[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 15, 2009
THOMAS K. KAHN
CLERK

_____

No. 08-13833
Non-Argument Calendar
_____

D. C. Docket No. 07-10047-CR-KMM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MANUEL FRIERE,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(June 15, 2009)

Before MARCUS, PRYOR and ANDERSON, Circuit Judges.

PER CURIAM:

Manuel Friere appeals his sentence to 60 months of imprisonment for the

forcible assault of a federal law enforcement officer and failure to heave to a federal law enforcement vessel. 18 U.S.C. §§ 111(a)(1), 2237(a)(1). Friere argues that his sentence above the guideline range is unreasonable. We affirm.

## I. BACKGROUND

Friere and two cohorts were spotted by the Coast Guard traveling in a go-fast boat at night without navigational lights. The Coast Guard employed various means to stop the boat and ignited illumination flares, ordered the occupants in English and Spanish to stop, and launched an inflatable vessel with a crew of law enforcement officers. During the pursuit, Yulier Garcia-Martinez and Abdulay Perez refueled the boat and Perez laid across the engines to prevent the officers from disabling the boat with gunfire. When the Coast Guard vessel was parallel to the go-fast boat, Friere left the controls and threw a fifteen-gallon fuel barrel that struck Petty Officer Herring in the head and splashed gasoline in the eyes of Petty Officer Collins.

After a two-hour chase, the engine of the go-fast boat failed and the Coast Guard boarded the go-fast boat and arrested Friere and his cohorts. The officers searched the go-fast boat and discovered 115 gallons of gasoline, extra food, satellite and cellular telephones, a GPS unit with a track line to Cuba, a radio, and extra life jackets. A check of the vessel registration revealed that the go-fast boat

had been stolen several days earlier. Friere and his cohorts admitted that they intended to transport family members from Cuba to Florida, they knew they were being chased by the Coast Guard, and they refused to stop because they wanted to reach Cuba.

Friere was charged in a four-count indictment for forcibly assaulting Coast Guard officers, 18 U.S.C. § 111(a)(1); conspiring to induce aliens to illegally enter the United States, 8 U.S.C. § 1324(a)(1)(A)(v)(I); failing to obey the order by law enforcement to heave to, 18 U.S.C. § 2237(a)(1); and forcibly resisting the boarding by law enforcement and resisting arrest, id. § 2237(a)(2)(A). A jury found Friere guilty of assault and failing to heave to, but acquitted him of the conspiracy and forcible resistance charges.

The presentence investigation report listed Friere's base offense level at 14, United States Sentencing Guideline §§ 2A2.2(a), 2A2.4(c)(1), and increased it by four levels for use of a dangerous weapon, id. § 2A2.2(b)(2)(B). With a criminal history category of I, the report provided a sentencing range between 27 and 33 months of imprisonment. The statutory term of imprisonment for the assault crime was between zero and eight years, 18 U.S.C. § 111(a)(1), and the statutory term for failing to heave to was between zero and five years, id. § 2237(a)(1).

At the sentencing hearing, Friere agreed with the court that the report

3

"correct[ly] calculat[ed] . . . the guidelines" range. Friere told the district court that he "went to trial . . . because [he was] innocent" and asserted that Garcia-Martinez had thrown the fuel barrel into the water. Friere complained that he was mistreated by law enforcement because he was not questioned about his crimes, he was mistakenly released and then rearrested on charges that were "never mentioned" to him, and he was not served with "any legal documents concerning [his] case." Friere remarked that he could not "say whether" the district court was "good or bad" and asked the court "to see all those errors that [had] been committed in [his] case." Friere's mother also complained that "little professional ethics . . . existed in [Friere's] case." Friere requested a sentence within or below the guideline range.

The district court discussed the statutory factors and remarked that Friere had been charged with possessing 92 marijuana plants four months after he entered the United States and, two months later, committed the present offense. The district court mentioned that Friere had admitted that he intended to smuggle family members and others into the United States and that Friere was one of eight individuals on the docket who had "engaged in one form or another with illegal smuggling ventures." The court found that Friere's denial of guilt and the circumstances of the offense "evidence[d] . . . a lack of respect for the law" that

4

required punishment to "insure adequate deterrence for similar conduct by [Friere] as well as for other defendants." The district court sentenced Friere to concurrent terms of sixty months of imprisonment followed by three years of supervised release. Friere objected "essentially to the enhancement."

## II. STANDARD OF REVIEW

We review the reasonableness of a criminal sentence for an abuse of discretion. Gall v. United States, 128 S. Ct. 586, 594, 596–97 (2007). "[T]he party who challenges the sentence bears the burden of establishing that the sentence is unreasonable in the light of both [the] record and the factors in section 3553(a)." United States v. Talley, 431 F.3d 784, 788 (11th Cir. 2005) (per curiam).

## III. DISCUSSION

Friere argues that his sentence to sixty months of imprisonment is unreasonable because it was longer than necessary to fulfill the purposes of sentencing. Although the Sentencing Guidelines serve as a "starting point and the initial benchmark," the district court has the authority, based on its "individualized assessment" of the facts, to weigh the factors listed in section 3553(a) and fashion a sentence outside the guidelines. Gall, 128 S. Ct. at 596–97. As long as the district court provides "justification . . . sufficiently compelling to support the degree of the variance" from the guidelines range, id. at 597, and the term imposed

5

adequately achieves sentencing objectives, see United States v. Pugh, 515 F.3d 1179 (11th Cir. 2008), Gall requires that we affirm.

The district court did not abuse its discretion by imposing a sentence above guideline range. The district court considered the section 3553(a) factors, including Friere's criminal history in the light of his brief time in the United States and that Friere intended to smuggle undocumented aliens into the country, and explained that a sentence of sixty months of imprisonment was necessary to address Friere's lack of remorse and contempt for the law and deter future criminal conduct. 18 U.S.C. § 3553(a); Gall, 128 S. Ct. at 597. Friere's sentence is reasonable.

## IV. CONCLUSION

Friere's sentence is **AFFIRMED**.